UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| BENJAMIN JASON YOUNG, Plaintiff, vs. ERIC WILSON, Defendant. | 3:19-CV-03011-RAL<br><br>ORDER AND JUDGMENT OF DISMISSAL |

On April 17, 2019, the Clerk of Court filed a letter written by Benjamin Jason Young as a new 28 U.S.C. § 2241 case. Docs. 1, 2, 3. The Clerk of Court sent a letter on April 18, 2019, to Young, who at the time was an inmate at the Fort Worth Federal Medical Center, advising Young that his letter was filed as a § 2241 petition, that he owed a filing fee of $5, unless he wanted to complete certain forms to show an inability to pay, and that he should complete an enclosed § 2241 petition if he chose to more formally express his claims. Doc. 3. Young has not paid the $5 fee or filed anything more in this case.

Young's initial letter sought credit for eight days of time spent in the Rosebud Tribal Jail. Doc. 1. Young's supplement requested 54 days, rather than a calculated 47 days, of sentence reduction under the First Step Act. Doc. 2. Young's supplement also requested different terms of confinement, expressing his thinking that his release date was November 5, 2019.

Young's request is a challenge to the manner of execution of the sentence and thus fits under 28 U.S.C. § 2241. A prisoner may challenge the execution of his sentence through a § 2241

1

petition, but it properly is filed in the district where the prisoner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494–95 (1973); Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). A court may not issue a writ under § 2241 unless it has jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 494–95.

Young was incarcerated in Texas when he wrote his letters seeking relief, and not in South Dakota. According to the Bureau of Prison's public information, Young now is at a residential reentry facility in Minnesota. See Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 16, 2019). Young's listed release date is October 13, 2019 according to the public information from the Bureau of Prisons. It of course is for the Bureau of Prisons to calculate Young's release date and credit him for applicable good time credit and time in federal custody prior to sentencing or arrival at a Bureau of Prisons facility. For what it is worth, when he wrote his request for relief, Young thought his release date would be November 5, 2019, approximately 23 days later than his apparent actual release date. Young was seeking a discount for eight days served in a tribal jail plus seven more days than what he thought his good time calculation to be. Young's request for release fifteen days earlier than November 5, 2019, actually is less favorable to him than what the Bureau of Prisons has calculated for his release.

At any rate, a § 2241 petition needs to be filed in the jurisdiction where an inmate is incarcerated and Young is not presently incarcerated in South Dakota. Young's requested relief is less favorable to him than what the Bureau of Prisons has calculated. Young has not paid a filing fee or sought to move forward with this case. Thus, it is hereby

ORDERED that this pro se case is screened and dismissed. It is further

2

ORDERED that Young's obligation to pay a filing fee is waived because Young's letters may not have been an effort to file a petition, especially in view of the lack of any response from Young to the Clerk of Court's letter dated April 18, 2019. It is further

ORDERED, ADJUDGED AND DECREED that this case is dismissed without prejudice to any refiling.

DATED this 26th day of August, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE